UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
DAVID OPPENHEIMER,                                        :
                                    Plaintiff,            :        21 Civ. 04834 (LGS)
                                                          :
                -against-                                 :                ORDER
                                                          :
WORKVILLE, LLC, et al.,                                   :
                                    Defendants.           :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Workville, LLC was allegedly served on June 8, 2021.  (Dkt. No. 8.)

WHEREAS, an answer was due "within 21 days after being served with the summons and complaint," (Fed. R. Civ. P. 12(a)(1)(A)(i)), but no such answer was filed.

WHEREAS, on July 20, 2021, the Clerk of Court entered a certificate of default.  (Dkt. No. 11.)

WHEREAS, on July 21, 2021, the Court issued an Order adjourning *sine die* the initial conference scheduled for August 5, 2021, and directing Plaintiff to file any motion for default judgment by August 4, 2021.  (Dkt. No. 12.)

WHEREAS, on July 29, 2021, Plaintiff filed a motion for default judgment and supporting papers.  (Dkt. Nos. 13-17.)

WHEREAS, on July 30, 2021, the Court issued an Order to show cause and set a hearing for September 9, 2021 on Plaintiff's motion for default judgment.  (Dkt. No. 18.)

WHEREAS, on September 9, 2021, Defendant appeared at the hearing and requested a sixty-day extension to answer or otherwise respond to the Complaint.

WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c) a "court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Courts consider the following factors in

determining whether good cause exists: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26, 2021).

WHEREAS, a corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear pro se. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] limited liability company [] may appear in federal court only through a licensed attorney."). This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). "[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P." *Id.* (internal quotation marks and alterations omitted). It is hereby

**ORDERED** that there is **good cause to set aside the Certificate of Default**. There are several grounds for finding good cause, including that: Defendant, which is not represented, apparently did not understand its legal obligation to file on the court docket an answer or other response to the Complaint; setting aside the default would not prejudice Plaintiff at this early stage of the litigation; and Defendant contends that it has a meritorious defense to Plaintiff's claims of copyright infringement because the allegedly infringing photographs were not available on Defendant's website at the time Defendant received Plaintiff's cease-and-desist letter. It is further

**ORDERED** that, by **November 9, 2021**, Defendant shall answer, move or otherwise respond to the Complaint. It is further

2

**ORDERED** that Defendant Workville LLC must obtain representation through a licensed attorney to appear in this case and the failure to do so may constitute grounds for entry of default judgment under Federal Rule of Civil Procedure 55.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *Grace*, 443 F.3d at 192; *Eagle Associates v. Bank of Montreal*, 925 F.2d 1305, 1310 (2d Cir. 1991).  It is further

**ORDERED** that by **September 13, 2021**, Plaintiff's counsel shall e-mail a copy of this Order, along with the attachment, to Charles Aini and D.J. Dashti.

Dated: September 10, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3